**SPENCER FANE LLP**
**Theresa C. Becerra, Esq.** (State Bar No. 205338)
201 Santa Monica Boulevard, Suite 550
Santa Monica, CA 90401
Telephone: (424) 217-1830
Facsimile: (424) 217-1854
Email: tbecerra@spencerfane.com

**SPENCER FANE LLP**
**Jedidiah L. Dooley** (SBN: 240105)
Email: jdooley@spencerfane.com
225 West Santa Clara St., Suite 1500
San Jose, California 95113
Telephone: (408) 286 -5100
Facsimile: (408) 286-5722

Attorneys for Defendant
**GS ADMINISTRATORS, INC.**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID VACCARO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GS ADMINISTRATORS, INC. and, DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.: 2:25-cv-10162-AB-SSC<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Action Filed: 10/22/2025 |

COMES NOW, the Defendant, GS Administrators, Inc. ("Defendant" or "GSA"), by and through counsel, and files its Answer and Affirmative Defenses

("Answer") to the Complaint (the "Complaint") [Doc. 1-1] filed by Plaintiff David Vaccaro ("Plaintiff" or "Vaccaro"), and in support thereof, would show unto the Court the following, to-wit:

## ANSWER[1]

1. Defendant admits that Plaintiff filed a Complaint that contains class action allegations, but Defendant denies that the Complaint is entitled to class treatment. Defendant further denies any allegations of wrongdoing in this Paragraph and denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

2. This Paragraph cites a legal conclusion. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

3. This Paragraph cites a legal conclusion. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

## JURISDICTION AND VENUE

4. Admitted.

5. Denied.

## PARTIES

6. Defendant is without sufficient information to admit or deny the allegations contained in this Paragraph and therefore denies same.

7. Defendant admits that it is a corporation and that it conducts business in the State of California, including the County of Los Angeles. Defendant further states that it administers GAP waiver products but denies that these are insurance products.

8. This averment does not require a response from Defendant.

9. Denied. Defendant further states that the Complaint names no legal defendants other than GSA, with the exception of fictitious parties and thus the

---

[1] The paragraphs of the Answer correspond with the paragraphs of the Complaint. Thus, for example, when the answer in 2 above states "this Paragraph", it is referring to Paragraph 2 of the Complaint.

allegation is incapable of a response.

## FACTUAL ALLEGATIONS

10. Defendant admits it received a message on or about this date from a person identifying himself as the Plaintiff, but it is without sufficient information to admit or deny the remaining allegations contained in this Paragraph and therefore denies same.

11. Defendant admits that it returned a phone call on this date, but at this time, it cannot confirm if the person it spoke with was Plaintiff as it has no information to confirm same, particularly since Plaintiff is not a customer of the Defendant.

12. This Paragraph references a phone call that speaks for itself. To the extent the allegations in this Paragraph are inconsistent with the document, such allegations are denied. Defendant further denies that the person on the phone call communicated any personal information.

13. Denied.

14. Defendant admits that it recorded the second, outbound call.

15. Denied.

16. Admitted with respect to calls involving its claims department.

17. Denied. While during the time in question Defendant's outbound calls did not contain a pre-recorded disclaimer, Defendant denies that all recipients of outbound telephone calls were not otherwise advised or aware that the outbound calls were being recorded.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. This averment, which contains multiple quotes from caselaw, does not require a response from Defendant. To the extent a response is required, Defendant denies any allegations of wrongdoing or that Plaintiff has suffered damages.

26. Defendant only admits that, during the time in question, its practice was to record inbound and outbound calls with the claims department. While its outbound calls did not contain a pre-recorded disclaimer, Defendant denies that all recipients of outbound telephone calls were not otherwise advised or aware that the outbound calls were being recorded. Defendant denies the remainder of the allegations and demands strict proof thereof

27. Denied.

**ACCRUAL OF RIGHTS TO PRIVACY CLAIMS; CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

28. Denied.

29. Denied.

30. Denied.

**CLASS ACTION ALLEGATIONS**

31. This averment, which is a statement of the class Plaintiff seeks to represent, does not require a response from Defendant. To the extent a response is required, Defendant denies any allegations of wrongdoing, that Plaintiff has suffered damages, and/or that the Complaint is entitled to class treatment.

32. This averment, which is a statement of the class Plaintiff seeks to represent, does not require a response from Defendant. To the extent a response is required, Defendant denies any allegations of wrongdoing, that Plaintiff has suffered damages, and/or that the Complaint is entitled to class treatment.

33. This averment does not require a response from Defendant.

34. This averment, which is a statement related to class certification, does

not require a response from Defendant. To the extent a response is required, Defendant denies any allegations of wrongdoing, that Plaintiff has suffered damages, and/or that the Complaint is entitled to class treatment. Defendant further denies that members of the potential class “number in the thousands, if not more.”

35. Denied.

36. This averment, which is a statement related to class certification, does not require a response from Defendant. To the extent a response is required, Defendant denies any allegations of wrongdoing, that Plaintiff has suffered damages, and/or that the Complaint is entitled to class treatment.

37. This averment, which is a statement related to class certification, does not require a response from Defendant. To the extent a response is required, Defendant denies that joinder of the potential class members is impractical and that members of the potential class can be identified by Defendant’s records.

38. This averment, which is a statement related to class certification, does not require a response from Defendant. To the extent a response is required, Defendant denies that common questions of law and fact predominate over individual questions.

39. This averment, which is a statement related to class certification, does not require a response from Defendant. To the extent a response is required, Defendant denies any allegations of wrongdoing, that Plaintiff has suffered damages, and/or that the Complaint is entitled to class treatment. In the event Plaintiff could show damages, Defendant further disputes that every other member of the potential class (which would include customers of GSA, which Plaintiff is not) would be exposed to the same conduct and have suffered the same damages.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

**FIRST CAUSE OF ACTION**

**INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632**

**ON BEHALF OF THE CALSS AND THE CELLPHONE SUBCLASS**

45. Defendant readopts its responses to the above allegations.

46. This Paragraph cites a legal conclusion and Plaintiff's interpretation of same. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

47. This Paragraph cites a legal conclusion. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

48. Denied.

49. Denied.

50. Admitted that a call with a person believed to be the Plaintiff was recorded. Defendant, however, denies the remaining allegations.

51. Denied.

52. Denied.

53. This Paragraph cites a legal conclusion. To the extent this Paragraph misstates the law, such allegations are denied.

54. Denied.

55. Denied.

56. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7**

**ON BELAF OF THE CELLPHONE SUBCLASS ONLY**

57. Defendant readopts its responses to the above allegations.

58. This Paragraph cites a legal conclusion and Plaintiff's interpretation of same. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

59. This Paragraph cites a legal conclusion. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

60. This Paragraph cites a legal conclusion. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. This Paragraph cites a legal conclusion and Plaintiff's interpretation of same. To the extent this Paragraph misstates the law, such allegations are denied. Defendant further denies the allegations of wrongdoing against Defendant contained therein.

66. Denied.

67. Denied.

68. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

/ / /

## PRAYER FOR RELIEF

## FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

69. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

70. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

71. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

72. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

73. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

74. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

75. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

76. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

/ / /

**SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7**

77. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

78. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

79. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

80. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

81. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

82. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

83. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

84. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

85. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought

or any relief whatsoever.

86. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

**<u>Trial By Jury</u>**

87. This averment requires no response from Defendant. To the extent a response is required, Defendant denies that all members of the proposed class (which consists of customers of GSA who signed contracts containing, among other things, arbitration agreements) would be entitled to a trial by jury.

**AFFIRMATIVE DEFENSES**

As and for its Affirmative Defenses in this matter, and pursuant to Fed. R. Civ. P. 8(c), GSA contends that Vaccaro and any putative class members' requested relief is barred in whole or in part for the following reasons:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The Court lacks personal jurisdiction over GSA with respect to the claims of any class members of the putative class or any other purported class (as amended) who were outside of California during the alleged violations, and the claims of such putative non-California class members should be dismissed or stricken for want of personal jurisdiction—whether pre-answer, precertification, post-certification, by the end of trial, or at any other phase of this case—pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(f), 23, or *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017) and their progeny. GSA asserts this personal jurisdiction defense in its Answer and Defenses to avoid any question of waiver as to the putative non-California class members.

3. Some or all of the claims of the putative class members are barred because they lack the right or capacity to assert their claims due to bankruptcy, or because they failed to include any claims raised in the Complaint in their bankruptcy

schedules, should discovery and subsequent investigation prove such defenses warranted.

4. This action does not satisfy the prerequisites for certification as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b), and this action should not be maintained as a class action because:

a. The proposed class definitions are vague, ambiguous, and overbroad;

b. Class adjudication is not superior to other methods of adjudication;

c. Common questions of law and fact do not predominate over individualized questions;

d. There are no common questions of law and fact in regards to the putative class members;

e. Vaccaro is not a proper class representative;

f. Vaccaro may have some significant conflict of interest with the putative class members; and

g. Vaccaro's claims are not typical or common with the claims of the putative class members.

5. While Vaccaro is not a customer of GSA, some or all of the customers of GSA, who are purported class members, signed class action waivers which prevent them from being part of a certified class.

6. While Vaccaro is not a customer of GSA, some or all of the customers of GSA, who are purported class members, signed arbitration agreements which prevent them from being part of a certified class.

7. While Vaccaro is not a customer of GSA, some or all of the customers of GSA, who are purported class members, received privacy notices advising them of the information that GSA collects thus barring their CIPA claims.

8. Vaccaro is a "tester" and hence, did not have a genuine expectation of privacy and impliedly consented to the recording of his personal information. *See Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2025 WL 1122387, at *2 (C.D. Cal. Mar. 14, 2025); *Gutierrez v. Converse Inc.*, No. CV 23-6547-KK-MARX, 2024 WL 3511648, at *8 n.10 (C.D. Cal. July 12, 2024), *aff'd*, No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025)

9. Vaccaro's CIPA claims are barred by the doctrine of consent.

10. Vaccaro, who has a history as a CIPA "class representative" who routinely settles class actions on an individual basis, does not constate an adequate class representative. *See, Wuest v. My Pillow, Inc.*, No. 18-03658 WHA, 2019 WL 3577176, at *3 (N.D. Cal. Aug. 6, 2019).

11. Vaccaro and the putative class members cannot recover from GSA any punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, and/or the California Constitution due to the lack of any actual damages suffered by Vaccaro and the putative class members and the gross disparity between the allegations of harm and the size of the claim. Further, Vaccao and the putative class members cannot recover from GSA any punitive or statutory damage that would violate the constitutional standards enunciated in cases such as *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

12. Without assuming the burden of proof, Vaccaro and members of the purported class are not similarly situated. Among other things, Vaccaro is not a customer of GSA. The potential claims of the purported class members reflect variability.

13. Vaccaro and the putative class members' claims are barred by the doctrines of ratification, consent, waiver, voluntary payment, accord and satisfaction, or acquiescence.

14. Vaccaro and the putative class members' claims are barred by the doctrines of res judicata, collateral estoppel, equitable estoppel, estoppel, the law concerning compulsory counterclaims, lack of standing, laches, the applicable statutes of limitation, statutes of repose, and other statutes relevant to the limitation of actions.

15. The damages the putative class members recover against GSA in this action must be offset against any amounts owed by the putative class members to GSA by virtue of their contracts with GSA.

16. Vaccaro lacks standing to assert his claims on his own behalf and on behalf of the putative class because he has no injury in fact as he was aware that his call was being recorded, he provided no confidential information during the call, and/or as a noncustomer of GSA it would have no ability to use any information provided by Vaccaro.

17. GSA reserves the right to assert additional defenses or affirmative defenses.

DATED: July 20, 2026

**SPENCER FANE LLP**

By: *_/s/ Theresa C. Becerra_*
Theresa C. Becerra
Jedidiah L. Dooley
Attorney for Defendant
GS ADMINISTRATORS, INC.